-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARTHA VASQUES TOSCANO,

        Petitioner,

        -v-

GONZALEZ, ALBERTO, Attorney General
of the United States, WILLIAM CLEARY,
Field Director of Deportation and Removal Buffalo District,
ICE Department of Homeland Security,

        Respondents.

**DECISION and ORDER**
06-CV-0207S(Sc)

---

Petitioner Martha Vasques Toscano, who is currently detained at the Erie County Holding Center and was arrested on March 28, 2006, by the Department of Homeland Security on a warrant of removal, has filed, by her attorneys, a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 and an emergency stay of removal, challenging a final order of removal of the Board of Immigration Appeals ("BIA") issued on or about June 20, 2002. (Docket No. 1). According to the petition, she requests that the Court review and vacate the June 20, 2002 decision of the BIA, which dismissed her appeal from an order of removal issued by the Immigration Judge ("IJ") on March 30, 2001. (Petition, ¶ ¶ 2, 4-5). The IJ entered the order of removal after denying petitioner's application for cancellation of removal based on her claim of being a victim of domestic violence. The IJ found that petitioner had not established that her abuser was her spouse or that he had been a lawful permanent resident. (Id., ¶ 5). Petitioner then received a stay of removal and an order of supervision until February

20, 2003, and now claims "that her release on May 6, 1999 on conditional parole pursuant to 8 U.S.C. § 1226 after being placed into removal proceedings and being served a notice to appear was a parole pursuant to 8 U.S.C. § 1182(d)(5)." (Id., ¶ 6). Petitioner also claims that she is in imminent danger of removal and that the Buffalo Office of Immigration and Custom Enforcement has advised her counsel that if a stay of removal is not entered before the close of business on Monday, April 3, 2006, petitioner would be removed to Mexico.

For the following reasons, the petition is dismissed and petitioner's request for a stay of removal is denied without prejudice because the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252), divested this Court of jurisdiction over petitions for habeas corpus relief challenging a final order of removal.

On May 11, 2005, Congress enacted the Real ID Act, which became effective that same day. REAL ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005). Specifically, section 106(a)(1)(B), amends § 242(a) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1252 (2000), and adds the following jurisdictional provision:

> (5) Exclusive Means of Review – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals[1] in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act . . . .

---

[1] The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA, § 242(b)(2), 8 U.S.C. § 1252(b)(2).

REAL ID Act, § 106(a)(1)(B)(5). The REAL ID Act also provides that the "district court shall transfer . . . to the court of appeals any case "challenging a final administrative order of removal that is "*pending* in a district court" on the date the Act became effective--May 11, 2005. REAL ID Act of 2005, Pub. L. No. 109-13, § 106(c), 119 Stat. 231 (2005).

The instant petition was filed in this Court on March 31, 2006, and, as noted, seeks review of an order of removal entered by the Board of Immigration Appeals on June 20, 2002. It therefore clearly seeks review of a final order of removal.

The Court finds that since petitioner challenges an order of removal within the meaning of the REAL ID Act, § 106(b), INA, § 242(a)(5), as amended, 8 U.S.C. § 1252(a)(5), this Court has no jurisdiction to review either the merits of the petition or to stay the order of removal. *Walters v. Chertoff*, NO. 3:05 CV 01672 RNC, 2005 WL 3416124, *1 (D.Conn. Dec. 12, 2005). Since the petition was not "pending" on May 11, 2005, this Court does not have the authority to transfer this case to the court of appeals. *Walters*, 2005 WL 3416124, at *1*; Nnabuihe v. Bureau of Immigration and Customs Enforcement,* No. 3:05-CV-1523-N, 2005 WL 2545284 (N.D.Tex. Oct. 11, 2005); *Flores-Diaz v. U.S.*, No. 2:05-CV-710 TS, 2005 WL 2456983 (D.Utah Oct. 5, 2005); *Griffith v. Dept. of Homeland Security*, 2005 WL 2338866, at *1 (W.D.N.Y. Sept. 3, 2005); *Munoz v. Gonzalez*, No. 05 Civ. 6056 (SHS), 2005 U.S. Dist. LEXIS 14014 (S.D.N.Y. July 11, 2005).

As noted, the sole and exclusive means to review "an order of removal," such as the one challenged herein, is through a petition for review with the appropriate court of appeals. REAL ID Act, § 106(a)(1)(B). In this matter the Second Circuit Court of Appeals is the

appropriate court of appeals because it appears from the petition that the immigration proceedings were conducted within the geographical jurisdiction of the Second Circuit. INA, § 242(b)(2), as amended, 8 U.S.C. § 1252(b)(2).

If petitioner intends to appeal from this Order, she must file any notice of appeal from this Order with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action.

**IT IS HEREBY ORDERED,** that the petition is dismissed without prejudice to it being re-filed in the Second Circuit Court of Appeals and the request for a stay of removal is denied without prejudice to it being re-filed in the Second Circuit Court of Appeals.

**FURTHER**, that to inform respondent of the filing and dismissal of the petition the Clerk of the Court shall serve the petition and this Order upon the following:

- United States Attorney for the Western District of New York, 138 Delaware Avenue, Buffalo, New York 14202;

- James W. Grable, District Counsel for the Department of Homeland Security, 130 Delaware Avenue, Room 203, Buffalo, New York 14202.

SO ORDERED.

Dated:    April 3, 2006
          Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge